**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **RANDALL GREENOUGH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **Case No. 6:19-CV-382-JDK-JDL** |
| | § | |
| **JUDGE JEFF FLETCHER, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Randall Greenough, an inmate proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On September 19, 2019, the Magistrate Judge issued a Report and Recommendation (Docket No. 8), recommending that the action be dismissed with prejudice for failure to state a claim upon which relief can be granted. *Id.* at 2–3. Specifically, the Magistrate Judge concluded that the present lawsuit is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff has not shown that his conviction or sentence has already been invalidated. Docket No. 8 at 2. The Magistrate Judge also ruled that Plaintiff's claims against Defendants Judge Fletcher and District Attorney Wheeler should be dismissed because Judge Fletcher and Mr. Wheeler have absolute immunity. *Id.* at 2–3. Finally, the Magistrate Judge found that Plaintiff did not state a § 1983 action against Defendant Beaty because Plaintiff failed to state a constitutional claim and Defendant Beaty is not a state actor. *Id.* at 3.

Plaintiff filed Objections on October 4, 2019. Docket No. 12. Plaintiff argues that Texas's Sixth Court of Appeals "acquitted" him of one of his six convictions. *Id.* at 1. While the Court of Appeals did overturn one of his convictions, the Court of Appeals also affirmed his five other convictions and sentences. *See Greenough v. State*, No. 06-18-00019-CR, 2018 WL 3404218, at *1 n.1 (Tex. App.—Texarkana July 13, 2018, pet ref'd). A judgment in favor of Plaintiff in this case would "necessarily imply the invalidity" of these convictions and sentences. *Heck*, 512 U.S. at 487. Plaintiff's case is therefore still barred by *Heck*.

Plaintiff also states that Defendants conspired against Plaintiff by not giving him enough time to prepare for trial. *Id.* at 2. Additionally, Plaintiff claims that the State Commission on Judicial Conduct is investigating Defendant Judge Fletcher on Plaintiff's behalf. *Id.* But these allegations do not object to any specific portion of the Magistrate Judge's Report. Frivolous, conclusory, or general objections need not be considered by the Court. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), overruled on other grounds by *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *see also Velez-Padro v. Thermo King De Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) (explaining that an objecting party must put forth more than "[c]onclusory objections that do not direct the reviewing court to the issues in controversy").

The Court has conducted a careful *de novo* review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). Having reviewed the Magistrate Judge's Report and Recommendation, the Court adopts the Report and Recommendation of the United States Magistrate Judge (Docket No. 8) as the findings of this Court.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (Docket No. 8) be **ADOPTED**.  It is further

**ORDERED** that Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE**.

So **ORDERED** and **SIGNED** this **11th**   day of  **October, 2019.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE